FILED
SUPERIOR COURT
OF GUAM

2020 SEP 24 PM 4: 49

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
)
) CRIMINAL CASE NO.: CF0282-19
vs. )
)
) **DECISION AND ORDER RE:**
FRANCIS JEROME TAISACAN, ) **DEFENDANT'S MOTION FOR**
DOB: 06/28/1994, ) **REDUCTION OF SENTENCE**
)
DEFENDANT. )
)

## Introduction

This matter came before the Honorable Maria T. Cenzon upon Francis Jerome Taisacan's ("Defendant") Motion for Reduction of Sentence ("Motion") filed on March 20, 2020. Defendant is represented by Public Defender William Bischoff. The People of Guam filed no opposition to the Motion, however, the Court must nevertheless consider the merits of the Motion.[1]

---

[1] Where a motion is unopposed for failure of the non-moving party to file an opposition, *Petition of Quitigua v. Flores,* 2004 Guam 19 ¶ 27 requires trial courts to consider all applicable law, including cases and statutes which may be in opposition to the pending motion and which the non-moving party has the obligation to provide to the court, unless it was made clear that the party had no intention of opposing the motion. CVR 7.1(h) of the Local Rules of the Superior Court of Guam provides that "…any opposing party who does not intend to oppose the motion, shall, not later than seven (7) days after the date the last paper on that motion is filed, or the time for filing as elapsed, file and serve a notice of … non-opposition." If opposition is intended, then Local Rule CVR 7.1 (d) and CR 1.1 (b)(1) of the Criminal Procedure Rules require a memorandum in support of thereof contain the points and authorities upon which the opposing party relies, including citations. The People have failed to file an opposition brief with points and authorities nor any non-opposition as required by the Rules. To its dismay, the Court observes

On June 30, 2020, the Court took the matter under advisement, without oral argument, pursuant to Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court. Having reviewed the record and the relevant law, the Court now issues this Decision and Order **DENYING** Defendant's Motion for Reduction of Sentence. The sentenced pronounced and imposed by the Court on January 14, 2020, *nunc pro tunc* to the sentencing date of November 25, 2019, remains unchanged.

## Background

### A.  THE CHARGES.

The People filed a Second Amended Indictment ("Indictment") charging Defendant with six felonies and three misdemeanors, including: HOME INVASION (As a First Degree Felony) with a *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; CONSPIRACY TO COMMIT HOME INVASION (As a First Degree Felony) with a *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; SECOND DEGREE ROBBERY (As a Second Degree Felony) with a *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony and *Special Allegation*: Vulnerable Victim; CONSPIRACY TO COMMIT SECOND DEGREE ROBBERY (As a Second Degree Felony) with a *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; BURGLARY (As a Second Degree Felony) with a *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; CONSPIRACY TO COMMIT BURGLARY (As a Second Degree Felony) with a *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; CRIMINAL

---

that this is the rule, rather than the exception to the practice of the People, not solely in this, but in many other criminal cases before it. The Court urges the Office of the Attorney General to ensure that it complies with all Rules applicable to motions practice in the trial courts of Guam. Failure to comply with the rules of criminal and civil procedure (as applicable to criminal cases) results in compromised efficiencies of the court and potentially invokes the canons of the Guam Rules of Professional Conduct.

TRESPASS (As a Misdemeanor); CONSPIRACY TO COMMIT CRIMINAL TRESPASS (As a Misdemeanor); and THEFT (As a Misdemeanor). Sec. Amend. Indict. (Jul. 10, 2019).

**B.    THE CONVICTION.**

After a jury trial, the jury found Defendant guilty of the First Charge of HOME INVASION (As a First Degree Felony); the Second Charge of CONSPIRACY TO COMMIT HOME INVASION (As a First Degree Felony) and the attendant *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; the Third Charge of SECOND DEGREE ROBBERY (As a Second Degree Felony) and the attendant *Special Allegation*: Vulnerable Victim; the Fourth Charge of CONSPIRACY TO COMMIT SECOND DEGREE ROBBERY (As a Second Degree Felony) together with the *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; the Fifth Charge of BURGLARY (As a Second Degree Felony); the Sixth Charge of CONSPIRACY TO COMMIT BURGLARY (As a Second Degree Felony) with the attendant *Special Allegation*: Use of a Deadly Weapon in the Commission of a Felony; the Seventh Charge of CRIMINAL TRESPASS (As a Misdemeanor); the Eighth Charge of CONSPIRACY TO COMMIT CRIMINAL TRESPASS (As a Misdemeanor); and the Ninth Charge of THEFT (As a Misdemeanor). Judgment (Jan. 16, 2020). In all, Defendant was convicted of two First Degree Felonies, four Second Degree Felonies, three Misdemeanors, and the special allegations of Use of a Deadly Weapon in the Commission of a Felony and Vulnerable Victim. *Verdict Forms 1 – 13* (Jul. 11, 2019).

//

//

//

//

## C.     THE SENTENCE.

On November 25, 2019, Defendant was sentenced to a total of forty (40) years of incarceration, with credit for time served. The Sentence was imposed as follows:[2]

**Charge 1.**     <u>Home Invasion (As A First Degree Felony)</u>: Defendant was sentenced to fifteen (15) years of imprisonment, with credit for time served, with no suspension or reduction of this term of incarceration. The minimum term of incarceration under the Home Invasion statute (9 G.C.A. §37.110(a) is a minimum of ten (10) years *which may not be suspended or reduced by the court.* The maximum term of incarceration is twenty (20) years. 9 G.C.A. § 80.30(a).

**Charge 2.**     <u>Conspiracy to Commit Home Invasion (As a First Degree Felony)</u>: Defendant was sentenced to five (5) years of imprisonment, with credit for time served. The maximum term of incarceration is twenty (20) years. 9 G.C.A. § 80.30(a). This sentence merged into the sentence for the underlying offense of Home Invasion for sentencing purposes. 9 G.C.A. §1.22; 8 G.C.A. §105.58.

**2.a.**     <u>Special Allegation: Use of a Deadly Weapon in the Commission of a Felony</u>: Defendant was sentenced to five (5) years of imprisonment, with credit for time served. 9 GCA § 80.37(a)(1) and (2) subjects the Defendant to, *in addition* to the punishment imposed for the commission of such felony, a term of imprisonment for a term of not less than five (5) years nor more than twenty-five (25) years, and a fine of not less than one thousand dollars ($1,000), but not more than five-thousand ($5,000).[3]

---

[2] Judgment (Jan. 16, 2020).

[3] The Special Allegation: Use of a Deadly Weapon in the Commission of a Felony convictions also require the imposition of a special parole term of not less than three (3) years in addition to such term of imprisonment and no person convicted and sentenced under that provision shall be eligible for parole or probation until he shall have served at least five (5) years in prison.

**Charge 3.** <u>Second Degree Robbery (As a Second Degree Felony)</u>: Defendant was sentenced to the *mandatory minimum* of five (5) years of imprisonment, with credit for time served. The maximum term of incarceration is ten (10) years. 9 G.C.A. § 40.20(b). The mandatory minimum term of 5 years, by law, shall not be suspended nor may probation be imposed in lieu of the minimum term.

        **3.a. <u>Special Allegation: Vulnerable Victim</u>**: Defendant was sentenced to five (5) years of imprisonment, with credit for time served. 9 GCA § 80.37.3 subjects the Defendant, *in addition* to the sentence imposed for the commission of the underlying felony, a term of imprisonment for a *minimum* term of five years and no more than twenty-five years for a conviction for the Vulnerable Victim Special Allegation.

**Charge 4.** <u>Conspiracy to Commit Second Degree Robbery (As a Second Degree Felony)</u>: Defendant was sentenced to five (5) years of imprisonment, with credit for time served. 9 G.C.A. § 80.30(b) provides a *minimum* term of incarceration of three (3) years and no more than ten (10) years. This sentence merged with the underlying offense of Second Degree Robbery for the purpose of sentencing. 9 G.C.A. §1.22; 8 G.C.A. §105.58.

        **4.a. <u>Special Allegation: Use of a Deadly Weapon in the Commission of a Felony</u>**: Defendant was sentenced to the minimum permissible term for conviction of this special allegation: five (5) years of imprisonment, with credit for time served. 9 GCA § 80.37(a)(1) and (2) subjects the Defendant to, *in addition* to the punishment imposed for the commission of such felony, a term of imprisonment for a term of not less than five (5) years nor more than twenty-five (25) years, and a fine of not less than one thousand dollars ($1,000), but not more than five-thousand ($5,000). See, fn. 3.

**Charge 5.** <u>Burglary (As a Second Degree Felony</u>): Defendant was sentenced to five (5) years of imprisonment, with credit for time served. 9 GCA § 37.20(b) subjects Defendant to a *minimum* sentence of imprisonment of five (5) years and no more than ten (10) years. Additionally, the minimum term imposed shall not be suspended nor may probation be imposed in lieu of the minimum term nor shall parole or work release be granted before completion of the minimum five (5) year term. This sentence also merged with the sentence for Home Invasion, as the same elements of the offense were incorporated. 9 G.C.A. §1.22; 8 G.C.A. §105.58.

**Charge 6.** <u>Conspiracy to Commit Burglary (As a Second Degree Felony</u>): Defendant was sentenced to five (5) years of imprisonment, with credit for time served. 9 GCA § 80.30(b) imposes upon Defendant a *minimum* sentence of not less than three (3) years and a maximum of not more than ten (10) years. This sentence also merged with the sentence for underlying offense of Burglary for the purpose of sentencing. 9 G.C.A. §1.22; 8 G.C.A. §105.58.

**6.a.** <u>Special Allegation: Use of a Deadly Weapon in the Commission of a Felony</u>: Defendant was sentenced to the minimum permissible term for conviction of this special allegation: five (5) years of imprisonment, with credit for time served. 9 GCA § 80.37(a)(1) and (2) subjects the Defendant to, *in addition* to the punishment imposed for the commission of such felony, a term of imprisonment for a *minimum* term of five (5) years nor more than twenty-five (25) years, and a fine of not less than one thousand dollars ($1,000), but not more than five-thousand ($5,000). See, fn. 3.

**Charge 7.** <u>Criminal Trespass (As a Misdemeanor</u>). Defendant was sentenced to one year of imprisonment, with credit for time served. 9 GCA §37.30 provides that a

Defendant may be sentenced to imprisonment for a maximum term not to exceed one (1) year. This sentence merges with Home Invasion charge for the purposes of sentencing. 9 G.C.A. §1.22; 8 G.C.A. §105.58.

**Charge 8.** **Conspiracy to Commit Criminal Trespass (As a Misdemeanor).** Defendant was sentenced to a term of one (1) year of imprisonment, with credit for time served, pursuant to 9 G.C.A. §37.30. This sentence merges with the underlying offense of Home Invasion for purposes of sentencing. 9 G.C.A. §1.22; 8 G.C.A. §105.58.

**Charge 9.** **Theft (As a Misdemeanor).** Defendant was sentenced to one (1) year of imprisonment, with credit for time served. This sentence merges with the offense of Robbery (As a First Degree Felony) for purposes of sentencing. 9 G.C.A. §1.22; 8 G.C.A. §105.58.

**D. THE COURT CONSIDERED FACTORS RELATING TO DEFENDANT'S CRIMINAL HISTORY AS WELL AS ANY MITIGATING FACTORS PRIOR TO IMPOSING SENTENCE.**

The nature of the charges for which Defendant was convicted as well as the mandatory enhancement sentences attendant to each of the Special Allegations for which Defendant was also convicted, when considered in conjunction with the Defendant's extensive criminal history as well as additional factors, resulted in the imposition of a sentence which was, in context, still very close to the minimum allowable under the sentencing statutes. During the Sentencing Hearing on November 25, 2019, the Court adopted the findings set forth in the Presentence Investigation Report (to which there were no objections), indicating that Defendant had two prior felony convictions and was on parole at the time of the commission of the crimes in this case. Sentencing Hearing at 3:04:24 to 3:32:48 (Nov. 25, 2019). The Court found further that Defendant did not qualify for "first offender" guidelines under 9 G.C.A. §80.31 because of his multiple prior convictions; that there is undue risk that during the period

of a suspended sentence or probation (if such suspension or probation was available which, by law, neither were), that Defendant would commit another crime; that Defendant had just been released from the Department of Corrections shortly before the commission of the crimes for which he was convicted in this case; that a lesser sentence would depreciate the seriousness of the offense and the impact on the victim, who was, by definition a "vulnerable victim;" that the Defendant was on parole at the time of the offenses; and that the Defendant had not expressed any remorse nor taken any responsibility for his actions. No evidence of mitigating circumstances was presented during the Sentencing Hearing. However, the Court did declare that, with the exception of the sentence for the Home Invasion conviction, the minimum term was appropriate in this case. Sentencing Hearing at 3:30:45 (Nov. 25, 2019). Additionally, the Home Invasion statute mandates a ten (10) year minimum term of incarceration which cannot be suspended or reduced. 9 G.C.A. §37.110(a).

## E.    COURT IMPOSED CONSECUTIVE SENTENCES

The Court ordered that Defendant shall serve all the sentences (which had not been merged into another offense) *consecutively*, and further that each of the mandatory five (5) year terms attendant to each of the Special Allegations be served consecutively, for an additional cumulative term of twenty (20) years. Judgment (Jan. 16, 2020). This resulted in a cumulative term of imprisonment of forty (40) years.

### Law and Analysis

### A.  Defendant's Motion Complies with the Procedural Requirements of Guam's Enabling Statute.

The reduction of a sentence after entry of judgment is governed by 8 GCA § 120.46. When the movant makes no claim of legal error, in either the sentence itself or in the manner it was imposed, the statute sets forth both the procedural threshold for invocation and the nature

of the substantive relief available:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 GCA § 120.46.

In this instance, Defendant has properly his statutory right to request a reduction of his sentence by timely filing this Motion on March 20, 2020- one hundred sixteen (116) days after being sentenced by the Court.

## B. The Parallel Federal Provisions are Persuasive.

There is no Guam Case law squarely addressing motions to reduce sentence brought under 8 GCA § 120.46 and the Guam statute is identical to former Fed. R. Crim. Proc. 35(a) and the first sentence of (b), therefore, the Court looks to persuasive Federal cases discussing the former Rule 35 (in existence until November 1, 1987, when the current Rule 35 became effective through Pub. L. 98-473).

The Federal cases hold that the purpose of a motion to reduce sentence under former Rule 35, as mirrored in the Guam statute, is to provide the trial court with discretion "to decide if, on further reflection, the original sentence now seems unduly harsh." *U.S. v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973). It is essentially a plea for leniency. *See U.S. v. Carrillo*, 947 F.2d 951 (9th Cir. 1991) (citing *U.S. v. Smith*, 650 F.3d 206, 208 (9th Cir. 1981) (quoting *Maynard, supra*)); *United States v. Thayer*, 857 F.2d 1358, 1360 (9th Cir. 1988) (a motion to reduce sentence is essentially a plea for leniency). When considering Defendant's request for leniency after sentence is imposed, the Court reviews the plea for the evidence of redemptive

facts which were not available at the time of sentencing or for compelling arguments, sufficiently persuasive for the court to reconsider and reweigh the factors evaluated at the Defendant's initial Sentencing Hearing.

Motions for reduction of sentence are addressed to the district court's discretion. *Flores v. United States* 238 F.2d 758, 760 (9th Cir. 1956). The rule does not require that court to hear oral argument or to hold a hearing. *United States v. Krueger,* 454 F.2d 1154, 1155 (9th Cir. 1972) (citing *Gilinsky v. United States*, 335 F.2d 914, 916-917) (9th Cir. 1964).

## C. **The Factors Cited By Defendant Do Not Support Reduction of Sentence.**

Defendant requests the Court to reduce his sentence from forty (40) years to the twenty-five (25) year minimum sentence that could have been imposed. Mot. at 2 (Mar. 20, 2020). To support his request, Defendant cites four factors. First, Defendant asserts that "the victim in this case herself expressed a belief that forty years is a bit much." Mot. at 2 (Mar. 20, 2020). Second, Defendant asserts that no violence occurred during the incident. Third, Defendant asserts that no verbal threats were made. Finally, Defendant asserts that he did not physically harm or attempt to harm the victim. See *Id.*

In reviewing Defendant's Motion, the Court considered whether the argument presented was sufficiently persuasive for the Court to reconsider and reweigh the factors used at Defendant's initial Sentencing Hearing. The Court also considered the presence of any redemptive facts that were not available at the time of sentencing. The Court finds that Defendant's motion fails flat.

Nothing in Defendant's moving papers differs in any way from what was presented during the Sentencing Hearing. The only evidence in Defendant's moving papers was a statement purportedly made by the victim in this case (a vulnerable victim, by definition, and

as found by the jury) to the media that the sentence is "a bit much." However, by Defendant's own admission, the victim could not recall the interview with the media "or much about the case anymore." *Mot.* at p. 2. Moreover, Defendant's reliance on this Court's decision in *People of Guam v. Kurt Anderson Damian*, Criminal Case No. CF0107-14 (Motion to Reduction of Sentence (Dec. 12, 2016), is wholly misplaced. In fact, this Court denied Defendant Damian's similar request for leniency, not once, but **twice**. *See also, People of Guam v. Kurt Anderson Damian*, Criminal Case No. CF0107-14 (Motion For Reconsideration (Nov. 20, 2017)). The Court, having acknowledged Defendant's personal progress while incarcerated, indicated that the proper forum to address Defendant's Damian's request is the Parole Board. *Id.* at p. 5. This is an avenue available to the Defendant here, in due time.[4]

The Court finds that Defendant has not provided the Court with any information or arguments which it failed to consider at the time of sentencing, nor has Defendant presented any new factual or legal arguments which would warrant a reduction in sentence. With regard to the first factor, the Court is considerate of the victim's opinion; however, the Court finds that the victim's opinion is a redemptive fact insufficient to merit a reduction of Defendant's sentence. Thus, the Court finds that the original sentence imposed upholds the notions of equity and justice in light of all the circumstances in this matter. Therefore, the Court holds that a sentence reduction is not warranted at this time.

//

//

//

---

[4] The Court points out that the Guam Supreme Court found no irregularities in the Court's sentencing of Defendant Damian and affirmed this Court's sentence in *People v. Kurt Anderson Damian,* 2016 Guam 8.

## Conclusion

Based on the foregoing, Defendant's Motion for Reduction of Sentence is **DENIED.**

SO ORDERED this _____ SEP 2 4 2020 _____.

**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG Prosecution,
POSC
Date: 9/24/20 Time: 5:16pm
Antonio A Cruz
Deputy Clerk, Superior Court of Guam